# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nedeljko Gunjak, Inc., :
                Petitioner :
                 : No. 455 F.R. 2013
        v. :
                 : Submitted: November 14, 2017
Commonwealth of Pennsylvania, :
                Respondent :

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge

## *OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                      FILED: December 11, 2017

Nedeljko Gunjak, Inc. (Taxpayer) petitions for review of the May 1, 2013 order of the Board of Finance and Revenue (Board) denying Taxpayer a reduction in the amount of International Fuel Tax Agreement (IFTA) road tax assessed against it by the Department of Revenue (Department).

## Facts and Procedural History

Taxpayer is a contract mail carrier headquartered in Mechanicsburg, Pennsylvania. Pursuant to Taxpayer's contract with the United States Postal Service (USPS), USPS reimbursed Taxpayer for its fuel costs up to a predetermined amount based on the mileage driven. To track these costs, USPS provided Taxpayer with a fuel purchase card that records fuel purchases by truck number, amount, location, and

odometer reading as entered by the driver. This system does not track actual mileage of the truck from pickup to delivery. (Board op. at 1-2.)

On January 31, 2011, pursuant to an IFTA road tax audit for the period from April 1, 2007, to March 31, 2011, the Department issued an assessment against Taxpayer in the amount of $258,375.52, plus interest in the amount of $76,423.79. On March 15, 2012, Taxpayer filed an appeal with the Department's Board of Appeals. The Board of Appeals sustained the assessment, and Taxpayer then appealed to the Board. (Board op. at 1.)

Before the Board, Taxpayer submitted copies of spreadsheets generated by the fuel purchase cards, as well as copies of actual receipts. However, a review of the spreadsheets revealed odometer readings that were consistently inaccurate, included entries that were rounded to the nearest hundred or thousand miles, and included entries that actually reflected negative mileage from one purchase to the next. Taxpayer did not address findings in the audit report with respect to a lack of reporting of travel through some states and virtually identical reports for several quarters. Nevertheless, Taxpayer argued the documentation it provided showed that it paid tax on all of its fuel purchases and should be credited for the same. (Board op. at 2.)

The Board disagreed, and by decision and order dated May 1, 2013, denied Taxpayer's appeal. In its opinion, the Board noted that section 9603(a) of the Motor Carriers Road Tax Act (Road Tax Act) requires every motor carrier to "pay a road tax equivalent to the rate per gallon currently in effect on Pennsylvania liquid fuels . . . calculated on the amount of motor fuel used in its operations on highways within this Commonwealth." 75 Pa.C.S. §9603(a). The Board also noted that section 9610(a) of the Road Tax Act requires every motor carrier to keep sufficient records to "enable the department to determine the total number of miles traveled by its entire fleet of

2

qualified motor vehicles, the total number of miles traveled in this Commonwealth by the entire fleet, the total number of gallons of motor fuel used by the entire fleet and the total number of gallons of motor fuel purchased in this Commonwealth for the entire fleet." 75 Pa.C.S. §9610(a). (Board op. at 2.)

Further, the Board cited sections 313.12 and 313.13 of the Department's regulations, which require every motor carrier to keep "satisfactory records" of all the miles traveled and the fuel used in its operations "both within and without this Commonwealth." 61 Pa. Code §§313.12, 313.13. In the absence of adequate records establishing the number of miles operated by a motor carrier's vehicles per gallon of motor fuel, the Board noted that section 9609 of the Road Tax Act deems a motor vehicle "to have consumed one gallon of motor fuel for each four miles operated." 75 Pa.C.S. §9609. Finally, the Board referenced section P540.200 of the IFTA Procedures Manual which directs a motor carrier to maintain "[a]n acceptable distance accounting system" because such a system is "necessary to substantiate the information reported on the tax return filed quarterly or annually."[1] (Board op. at 3.)

Ultimately, the Board concluded that the Department's assessment "was reasonable given the lack of documentation to support the reported figures." *Id.* The Board stated that the "recordkeeping requirements are intended to ensure that each state receives a proper allocation of the tax paid by [Taxpayer], and applicable to any truck that crosses state lines." *Id.* Finally, the Board stated that the regulations are "readily available on the Department's website" and that Taxpayer had "an affirmative obligation to familiarize [itself] with those regulations." *Id.* Taxpayer thereafter filed a petition for review with this Court.

---

[1] The actual provisions of IFTA and its Procedural Manual can be found on the IFTA website at www.iftach.org (last visited November 16, 2017).

3

On appeal,[2] Taxpayer argues that the Board erred in failing to grant it a reduction of the amount of IFTA road tax assessed against it by the Department. More specifically, Taxpayer argues that the Board incorrectly applied the statutory rate of 4.0 miles per gallon (MPG) as set forth in section 9609 of the Road Tax Act and failed to determine its tax liability on the basis of the best information available to it. We disagree.

As this Court explained in *R & R Express, Inc. v. Commonwealth*, 37 A.3d 46 (Pa. Cmwlth. 2012), *aff'd*, 65 A.3d 900 (Pa. 2014) (mem.):

> The [Road Tax] Act imposes a tax on fuel consumed in Pennsylvania by qualifying motor vehicles, which includes trucks and tractor trailers. *See* 75 Pa.C.S §9603. In calculating the tax, credit is given for tax paid on fuel purchased in this Commonwealth. 75 Pa.C.S. §9604(a). In order to administer and effectuate the imposition and collection of fuel taxes on interstate carriers, Pennsylvania joined the International Fuel Tax Agreement (IFTA). Pursuant to the IFTA, a motor carrier based in Pennsylvania files one tax return with the Commonwealth, its "base" jurisdiction, on which the tax due to all participating jurisdictions is reported and paid. The Commonwealth, as the base jurisdiction, then distributes motor fuel use taxes to the other member jurisdictions in which the taxpayer traveled and incurred liability.

37 A.3d at 47-48.

A review of the relevant statutory provisions is required herein. Section 9603(a) of the Road Tax Act states as follows:

---

[2] "This Court is entitled to the broadest scope of review when considering the propriety of an order of the Board of Finance and Revenue because, although we hear such cases in our appellate jurisdiction, we function essentially as a trial court." *Senex Explosives, Inc. v. Commonwealth*, 58 A.3d 131, 135 n.3 (Pa. Cmwlth. 2012).

> Every motor carrier shall pay a road tax equivalent to the rate per gallon currently in effect on Pennsylvania liquid fuels, fuels or other alternative fuels as provided in section 9004(a), (b), (c) and (d) (relating to imposition of tax, exemptions and deductions), calculated on the amount of motor fuel used in its operations on highways within this Commonwealth.

75 Pa.C.S. §9603(a).

Section 9604(a) addresses credit, providing, in pertinent part, as follows:

> Every motor carrier subject to the tax imposed under this chapter shall be entitled to a credit on the tax, equivalent to the rate per gallon of the Pennsylvania tax which is currently in effect, on all gasoline or other motor fuel purchased by the carrier within this Commonwealth for use in its operation either within or without this Commonwealth and upon which gasoline or other motor fuel the tax imposed by the laws of this Commonwealth has been paid by such carrier. Evidence of the payment of the tax in such form as may be required by, or is satisfactory to, the department shall be furnished by each carrier claiming the credit.

75 Pa.C.S. §9604(a).

Section 9610 addresses the records to be maintained by the motor carrier, providing, in pertinent part, that:

> Every motor carrier shall keep such records, in such form as the department reasonably may prescribe, as will enable the carrier to report and enable the department to determine the total number of miles traveled by its entire fleet of qualified motor vehicles, the total number of miles traveled in this Commonwealth by the entire fleet, the total number of gallons of motor fuel used by the entire fleet and the total number of gallons of motor fuel purchased in this Commonwealth for the entire fleet. All such records shall be safely preserved for a period of four years in such manner as to insure their security and availability for inspection by the secretary or any authorized employee engaged in the administration of this chapter.

75 Pa.C.S. §9610. *See also* 61 Pa. Code §§ 313.12, 313.13 (requiring, respectively, that every motor carrier keep satisfactory records of miles traveled both within and without the Commonwealth and the fuel used within and without the Commonwealth).

In this regard, section 313.14 of the Department's regulations require that:

> Every motor carrier shall be prepared to present evidence to substantiate the credit claimed for payment of the liquid fuels tax on motor fuels purchased within this Commonwealth. Such evidence shall consist of invoices of the vendor of the [fuel] which shall show the name and address of the motor carrier, the point of delivery, the date of each sale, the number of gallons of each sale, the total monetary value of each sale, and the license number or unit number of the motor vehicle being fueled. Sales made out to cash are not acceptable. The Department will have the right in order to further substantiate the credit claimed, to require a sworn affidavit from the vendor stating that it has sold the specified number of gallons of motor fuel to the motor carrier and that the liquid fuels tax has been paid on such motor fuel.

61 Pa. Code §313.14.

Furthermore, we note that the IFTA Articles of Agreement provide that, in order to obtain credit for tax-paid purchases of fuel, the licensee must retain supporting paperwork, such as, *inter alia*, a receipt, invoice, credit card receipt, or transaction listing, showing evidence of the purchase and the amount of tax paid. *See* IFTA Articles of Agreement, Art. X R1000.100. Further, the receipt "must show evidence of tax paid directly to the applicable jurisdiction or at the pump. Specific requirements for these receipts are outlined in the IFTA Procedures Manual Section P550 . . . ." *Id.* at Art. X R1010.200. Section P550 of the Procedures Manual is also very specific; it similarly provides that retail purchases must be supported by acceptable documentation, such as a receipt, invoice, credit card receipt, or transaction listing. Procedures Manual P550.220. Moreover, like section 313.14 of the

6

Department's regulations, the Procedures Manual requires that a receipt contain a minimum detail of information, including the vehicle identity, purchaser's name, date of purchase, seller's name and address, amount purchased, and price paid per gallon or liter. *Id*. at P550.300.

However, without such records, section 9609 of the Road Tax Act mandates that the Department impose a presumed consumption rate of 4.0 MPG. This section provides, in full:

> In the absence of adequate records or other evidence satisfactory to the department showing the number of miles operated by a motor carrier's qualified motor vehicles per gallon of motor fuel, any such qualified motor vehicle shall be deemed to have consumed one gallon of motor fuel for each four miles operated.

75 Pa.C.S. §9609.

Additionally, Art. XII R1210.100-200 of the IFTA Articles of Agreement provides:

> In the event that any licensee . . . fails to maintain records from which the licensee's true liability may be determined, the base jurisdiction shall . . . **[o]n the basis of the best information available to it** . . . determine the tax liability of the licensee for each jurisdiction . . . .

(Emphasis added.) Article XII R1210.300 further provides that:

> The base jurisdiction shall, after adding the appropriate penalties and interest, serve an assessment . . . upon the licensee in the same manner as an audit assessment or in accordance with the laws of the base jurisdiction. The assessment made by a base jurisdiction pursuant to this procedure shall be presumed to be correct and, in any case where the validity of the assessment is questioned, the **burden shall be on the licensee** to establish by a fair

> preponderance of evidence that the assessment is erroneous or excessive.

(Emphasis added.)

In the present case, Taxpayer argues that its logs demonstrated the number of miles operated by its trucks and that its fuel receipts demonstrated the number of gallons of motor fuel it purchased, such that the Department did not have to rely on statutorily presumed consumption rate of 4.0 MPG set forth in section 9609 of the Road Tax Act. However, Taxpayer ignores the Board's findings that the documentation Taxpayer provided showed odometer readings that were "consistently inaccurate," included "obvious roundings to the nearest hundred or thousand miles, and negative mileage from one purchase to the next." (Board op. at 2.) The Board also found that Taxpayer failed to address the audit findings "concerning a lack of travel through some states and virtually identical reports for several quarters." *Id.* More importantly, Taxpayer has provided this Court with no records to review to contradict the auditor's findings which formed the basis for the assessment. Indeed, Taxpayer stipulated that it "has not offered or supplied any supplemental documents involving or tending to establish total or jurisdictional truck mileage actually traveled, or documentation of fuel purchases including tax-paid purchases." (Joint Stipulation at ¶4.) Thus, we cannot say that the Department erred in applying the statutorily presumed consumption rate of 4.0 MPG.

Taxpayer also argues that the information it supplied to the auditor as to the actual fleet MPG, from which the auditor determined the jurisdiction miles and fuel miles, constitutes the best information available to calculate its tax liability under IFTA. Again, however, Taxpayer failed to provide this information to the Court. Moreover, the Department notes in its brief that it actually used the IFTA provisions when it accepted Taxpayer's reported mileage traveled total as part of the audit

8

findings. However, the Department correctly states that Taxpayer cannot rely on IFTA's general provisions to alter the audited consumption factor of 4.0 MPG or to allow undocumented fuel purchase credits. IFTA, the Road Tax Act, and the Department's regulations include specific provisions discussing the detailed recordkeeping requirements for motor carriers seeking a credit for the tax paid on fuel purchases. Taxpayer simply did not meet its burden in this case.

Accordingly, the Board's order is affirmed.


_____
PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nedeljko Gunjak, Inc.,      :
      Petitioner    :
          :   No. 455 F.R. 2013
     v.        :
          :
Commonwealth of Pennsylvania,   :
      Respondent   :

## *ORDER*

AND NOW, this 11th day of December, 2017, the order of the Board of Finance and Revenue, dated May 1, 2013, is hereby affirmed. Unless exceptions are filed within 30 days pursuant to Pa. R.A.P. 1571(i), this order shall become final.

_____
PATRICIA A. McCULLOUGH, Judge